UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY ALLAN JAMES,<br><br>      Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF EDUCATION'S OFFICE FOR CIVIL RIGHTS; EBONE WOODS ESQ.; GARY KIANG ESQ.,<br><br>      Defendants. | 22-CV-5738 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action asserting that the United States Department of Education, Office for Civil Rights ("OCR") and two of its employees violated his civil rights and committed fraud in investigating his discrimination complaint. By order dated September 19, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against OCR and two of its employees, Ebone Wood and Gary Kiang, asserting claims of fraud in the investigation of his discrimination complaint. Plaintiff seeks a letter of apology and money damages.

The following information is taken from the complaint and attachments. Plaintiff filed a discrimination complaint with OCR against the State University of New York ("SUNY") in which he alleged that he was subjected to sexual harassment in an internship he obtained through SUNY. Plaintiff asserts that Woods and Kiang, the OCR attorneys who investigated his discrimination claims, conducted "fraudulent work" by submitting a "biased" report, which

indicated their disbelief of his sexual misconduct claims because of their "discriminatory perception that men cannot be subject to sexual misconduct by women." (ECF 1-1, at 1.) Plaintiff claims that Woods and Kiang "lied" in their report by stating that he did not bring up concerns about patient treatment during the relevant time period, and caused damage to his reputation by failing to note his strong academic record. (*Id*. at 2.) Plaintiff further charges OCR with essentially rubber stamping the biased report and failing to provide a transparent appeal review process. He asserts that OCR's disposition of his complaint was deficient compared to the investigations conducted by the United States Department of Justice, which issued him a Notice of Right to Sue, and the New York State Division of Human Rights, which made a probable cause determination of his claims.

## DISCUSSION

**A.     Sovereign Immunity**

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citations omitted). The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court must therefore dismiss Plaintiff's claims against OCR and its investigators under doctrine of sovereign immunity.

**B.     Claims under the Administrative Procedure Act**

Even if the Court were to consider Plaintiff's allegations as seeking judicial review of OCR's and its employees' actions under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, he fails to state a claim for relief. The APA provides an explicit waiver of sovereign immunity for individuals seeking equitable relief if they have suffered "a legal wrong because of agency action." 5 U.S.C. § 702. A plaintiff may seek judicial review of an agency's decision under the APA where: (1) he is seeking relief other than monetary damages, and (2) the agency conduct in question is subject to judicial review by statute. *Id*. However, such review is only available for "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

Here, Plaintiff's claims are not subject to review under the APA. First, he is seeking monetary damages, which is not available under the APA. Second, OCR's disposition of Plaintiff's complaint is a discretionary act that is not reviewable under the APA. *See Sherman v. Black,* 315 Fed. App'x 347, 349 (2d Cir. 2009) (summary order) (affirming dismissal of case brought against the OCR for failure to act on a discrimination because "an agency's enforcement decisions are a matter of discretion"); *see also Heckler v. Chaney*, 470 U.S. 821, 838 (1985) (holding that an agency's refusal to institute investigative or enforcement proceedings is within the discretionary action exception of 5 U.S.C. § 701(a)(2)). Finally, Plaintiff has an adequate alternate remedy, the filing of a discrimination action against SUNY, which he has done.[1] *See Pudlin v. Office for (Not of) Civil Rights of the United States Dep't of Educ.*, 186 F. Supp. 3d 288, 293 (S.D.N.Y. 2016) ("Plaintiff has an adequate, alternate remedy: a . . . discrimination suit

---

[1] Plaintiff filed a Title VII action against SUNY, which is presently pending in this court. *See James v. The State University of New York*, ECF 1:22-CV-4856, 1 (S.D.N.Y. June 9, 2022)

4

directly against the [entity engaged in the alleged discrimination].") (brackets in the original)). The Court therefore concludes that OCR's handling of Plaintiff's administrative complaint against SUNY is not subject to judicial review under the APA.

### C.  Claims under the Federal Tort Claims Act

The Court also considers whether Plaintiff's claims may fall under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, which created jurisdiction in the district courts for civil claims arising out of the negligence of a federal employee causing injury, death, or loss of property. Plaintiff's allegations suggest his dissatisfaction with OCR's administrative investigation and enforcement, but he does not plead an injury that can be remedied under the FTCA. OCR's allegedly deficient investigation does not constitute an injury or loss of property under the FTCA.

### D.  Claims under Title VII

Finally, the Court examines whether Plaintiff's assertions could implicate a discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. Although Plaintiff has filed a Title VII employment discrimination complaint against SUNY, *see James v. The State University of New York*, ECF 1:22-CV-4856, 1, he lacks either an express or implied cause of action under Title VII to sue an administrative agency or its employees in connection with its investigation and processing of his discrimination claims, *see Baba v. Japan Travel Bureau Intern., Inc.*, 111 F.3d 2, 2 (2d Cir. 1997) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed . . . to investigate or process an employment discrimination charge [properly]."). Plaintiff cannot seek relief under Title VII for OCR's allegedly deficient investigation.

### E. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 11, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge